I respectfully dissent in part from the majority's opinion that the trial court did not err in setting the effective date of the reduction of appellant's child support obligation to the date of the decision. I am very aware our standard of review is limited to an abuse of discretion standard. However, because of the lapse of eight months from the filing of the motion coupled with the hearing being held in August because of a continuance granted at appellee's counsel's request, I believe consideration should have been given to a date earlier in time.
I further dissent with the use of the standard amount of child support credit at line 8 of the guidelines. As I have previously stated in a dissent from a past opinion on this issue between these parties:
 It is my opinion that as to this calculation, the trial court failed to look at this on a case by case basis as directed. The better view in these `off the chart' cases would be to at least make an attempt at equalizing support for the `in residence' children of the obligor versus the children subject to the support order. In my view, the trial court and referee should be directed to reconsider line 8 of the Guideline Worksheet to give equal weight to the cost and care of appellant' s children residing with him. The $7,050 versus $120,741 support obligation is unjust. It is important to note that in adjusting the amount on line 8, in-kind expenses should be included, such as living in the same home as appellant. Thottam v. Thottam (October 17, 1994), Stark App. No. 1994CA00007, unreported.
I concur with the majority's opinion on Assignments of Error III, IV and V.
JUDGE SHEILA G. FARMER.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Family Court Division, is affirmed. Costs assessed to appellant.